Mullar v. Sessions

BIA
A087 445 586/587/588

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand eighteen.

PRESENT:
        PIERRE N. LEVAL,
        RAYMOND J. LOHIER, JR.,
        SUSAN L. CARNEY,
            *Circuit Judges.*
_____

SATPAL SINGH MULLAR, JASPAL KAUR
MULLAR, SUKHKIRANDEEP SINGH
MULLAR,
        *Petitioners,*

        v.                                    **16-3426**
                                              **NAC**
JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONERS:**        Genet Getachew, Brooklyn, NY.

**FOR RESPONDENT:**         Chad A. Readler, Acting Assistant
                            Attorney General; Anthony W.
                            Norwood, Senior Litigation
                            Counsel; Colin J. Tucker, Trial
                            Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Satpal Singh Mullar ("Mullar"), Jaspal Kaur Mullar, and Sukhkirandeep Singh Mullar, natives and citizens of India, seek review of a September 19, 2016, decision of the BIA denying their motion to reopen. *In re Satpal Singh Mullar, Jaspal Kaur Mullar, Sukhkirandeep Singh Mullar,* Nos. A 087 445 586/587/588 (B.I.A. Sept. 19, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's decision for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (internal quotation marks omitted).

2

We review the BIA's factual findings about country conditions for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

It is undisputed that Mullar's motion to reopen, filed almost three years after the final administrative decision was rendered, was untimely. 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline for reopening); 8 C.F.R. § 1003.2(c)(2) (same). This time limitation may be excused if the motion is filed to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Mullar presses changed conditions for Sikhs since his 2011 merits hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) (the agency "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").

The BIA was within its discretion to find that Mullar's new evidence did not excuse his untimely motion to reopen.

3

The BIA cited evidence from the 2011 merits hearing that showed both Indian security forces killing demonstrators at protests and Sikhs disproportionately suffering from state violence.  Consequently, Mullar's new evidence--about violent Sikh protests--did not reflect a material change in conditions.

Mullar attempts to distinguish the two sets of evidence: the 2011 record described a deadly confrontation that did not involve Sikhs.  But the BIA had the discretion to find that the two sets of evidence are of a piece: the Indian government does not tolerate protest, irrespective of who is protesting.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

4